# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RODNEY PATRICK and
JENNIFER PATRICK,

    Plaintiffs,

v.

Civil No. 08-10561
Hon. Lawrence P. Zatkoff

U.S. BANK, NATIONAL ASSOCIATION,
TROTT & TROTT, P.C., and
JOSIE LEWIS,

    Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 21, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(1) [dkt 9]. Plaintiffs, appearing In Pro Per, have responded, and the time within which Defendants may reply has expired. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motion is GRANTED.

## II. BACKGROUND

On January 12, 2005, Plaintiffs granted a Mortgage and Note to Option One Mortgage

Corporation ("Option One") with a principal amount of $182,000. The Mortgage was recorded with the Livingston County Register of Deeds on January 26, 2005. By July 20, 2006, Plaintiffs had defaulted on the Mortgage. Option One referred the Mortgage to Defendant Trott & Trott, P.C. to commence foreclosure proceedings by advertisement. Trott & Trott posted notice of the foreclosure sale in the Livingston County Press & Argus Newspapers for four consecutive weeks as mandated by Michigan law. On August 23, 2006, a sheriff's sale was held at which Option One purchased the property. Option One was accordingly granted a Sheriff's Deed on Mortgage Sale dated August 23, 2006, and recorded the Deed on September 1, 2006.

Option One conveyed its interest in the property via Quit Claim Deed to the U.S. Bank National Association ("U.S. Bank"), which recorded the Quit Claim Deed on September 27, 2006. The statutory redemption period expired on August 23, 2007, without Plaintiffs exercising their redemption right. U.S. Bank instituted summary proceedings in state court on September 24, 2007, seeking the eviction of Plaintiffs who were holding over after the expiration of the statutory redemption period. Judge Geddis of the 53d Judicial District Court for the State of Michigan ordered Plaintiffs to vacate the property by October 4, 2007. In response, Plaintiffs filed a Claim of Appeal with the Livingston County Circuit Court but did not vacate the premises. In their Claim of Appeal, Plaintiffs argued that the foreclosure was defective. On December 6, 2007, Judge Latreille of the Livingston County Circuit Court dismissed Plaintiffs' Claim of Appeal.

Plaintiffs again refused to vacate and filed an appeal with the Michigan Court of Appeals, which dismissed Plaintiffs' claim for lack of jurisdiction because Plaintiffs could only challenge the Circuit Court decision through an application for leave under Mich. Ct. R. 7.205. Plaintiffs did not file an application for leave but instead brought the present suit before this Court.

## III. LEGAL STANDARD

When a motion is filed under Fed. R. Civ. P. 12(b)(1), "the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The plaintiff may defeat the motion "by showing any arguable basis in law for the claim made." *Id.* "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

## IV. ANALYSIS

Defendants argue that, pursuant to the Rooker-Feldman doctrine, lower federal courts lack authority to perform appellant review of state-court decisions, which is in essence what Plaintiffs are asking this Court to do. Defendants also argue that Plaintiffs' Complaint is barred by the doctrine of res judicata and the Full Faith and Credit Act. Finally, Defendants argue that Plaintiffs' Complaint should be dismissed based on the Doctrine of Laches.

In their response brief, Plaintiffs, appearing In Pro Per, contend that Defendants violated the Fair Debt Collection Practices Act and the 14th Amendment throughout the foreclosure proceedings. Plaintiffs argue that their issues were not previously heard in state-court proceedings and therefore, their Complaint should not be dismissed. Plaintiffs also rely on a Third Circuit case seemingly for the proposition that the doctrine of res judicata does not apply to their case.

The Rooker-Feldman doctrine provides that lower federal courts lack authority to conduct appellate review of state-court decisions.[1] *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968 (E.D. Mich. 1997). Jurisdiction for reviewing final judgments rendered in state courts rests solely with the Supreme Court of the United States. *Id.* at 968–69; 28 U.S.C. § 1257. The doctrine proceeds on two fronts. First, in order for the doctrine to apply, "the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding." *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998). Secondly, the doctrine requires abstention when the claim is "a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case." *Id.* (internal citation omitted). Exceptions to the Rooker-Feldman doctrine exist "when plaintiffs attack the constitutionality of the statute or authority for the state court proceedings themselves, or raise 'a general challenge to the constitutionality of the state law applied in the state action.'" *Kafele v. Lerner, Sampson & Rothfuss L.P.A.*, 161 Fed. Appx. 487, 490 (quoting *Catz*, 142 F.3d at 293).

In this case, Plaintiffs ask the Court to enter "an Order setting aside the foreclosure and resulting sheriffs (sic) sale, and an Order quieting title of plaintiffs (sic) property." Plaintiffs' claims rest on the basic premise that the state-court entry of foreclosure was invalid. Even if the Court were to entertain Plaintiffs' Complaint, "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court." *Id*. Under these circumstances, the Rooker-Feldman doctrine compels the Court to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction. The outcome is the same regarding Plaintiffs' due-process claim

---

[1] The doctrine is named for the Supreme Court's decisions in *Rooker Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

because this Court cannot find that Plaintiffs' due-process rights have been violated without disturbing the state-court judgments. *See id.*

Motions brought under Fed. R. Civ. P. 12(b)(1) place the burden of establishing jurisdiction on the plaintiff. *See, e.g.*, *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Here, however, Plaintiffs' response brief denies the applicability of the Rooker-Feldman doctrine without supporting citations: "Plaintiffs (sic) issues were not heard in a prior state court proceeding, therefore plaintiffs (sic) complaint is not an inappropriate review of a prior state court proceeding." The bulk of Plaintiffs' response consists of an opinion from another Circuit discussing res judicata principles. *See Oppong v. First Union Mortgage Corp.*, 215 Fed. Appx. 114 (3d Cir. 2007). Further, Plaintiffs' Complaint relies on a district court opinion that has been reversed. *Northrip v. Fed. Nat'l Mortgage Ass'n*, 372 F. Supp. 594 (E.D. Mich. 1974), *rev'd*, 527 F.2d 23 (6th Cir. 1975). Plaintiffs have not established why this Court has jurisdiction over Plaintiffs' claims.

## V. CONCLUSION

For the above reasons,

IT IS ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(1) [dkt 9] is GRANTED.

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: July 21, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2008.

                                                      S/Marie E. Verlinde
                                                      Case Manager
                                                      (810) 984-3290